KEITH A. JACOBY, Bar No. 150233
LAUREN SCHWARTZ, Bar No. 312253
Littler MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583
kjacoby@littler.com
lschwartz@littler.com

GREGORY G. ISKANDER, Bar No. 200215
Littler MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809
giskander@littler.com

Attorneys for Defendant
T-MOBILE USA, INC.
*[counsel continued on next page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO HERRERA, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., a Delaware Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: CV 20-5325-GW-JEMx<br>Assigned to: Hon. George H. Wu<br><br>**ORDER RE: PROTECTIVE ORDER PURSUANT TO STIPULATION OF PARTIES** |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER                    Case No. CV 20-5325-GW-JEMx

James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com

Attorneys for Plaintiff MARIO HERRERA,
on behalf of himself and all others similarly situated

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER          2.          Case No. CV 20-5325-GW-JEMx

1  FOR GOOD CAUSE SHOWN AND PURSUANT TO THE STIPULATED

2  PROTECTIVE ORDER OF THE PARTIES, the Stipulated Protective Order attached

3

4  hereto as Exhibit A shall be entered in this case.

5

6  IT IS SO ORDERED.

7

8

9

10  Dated: __11/18/2020__

11                                    _____
                                      HONORABLE JOHN E. MCDERMOTT
12                                    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER          3.          Case No. CV 20-5325-GW-JEMx

# EXHIBIT A

KEITH A. JACOBY, Bar No. 150233
LAUREN SCHWARTZ, Bar No. 312253
Littler MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
Telephone:  310.553.0308
Fax No.:  310.553.5583
kjacoby@littler.com
lschwartz@littler.com

GREGORY G. ISKANDER, Bar No. 200215
Littler MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA  94597
Telephone:  925.932.2468
Facsimile:  925.946.9809
giskander@littler.com

Attorneys for Defendant
T-MOBILE USA, INC.
*[counsel continued on next page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO HERRERA, individually and on behalf of himself and all others similarly situated, | Case No.:  CV 20-5325-GW-JEMx<br>Assigned to: Hon. George H. Wu |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| T-MOBILE USA, INC., a Delaware Corporation, and DOES 1-50, inclusive, | |
| Defendants. | |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER

Case No. CV 20-5325-GW-JEMx

James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com

Attorneys for Plaintiff MARIO HERRERA,
on behalf of himself and all others similarly situated

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER                    2.          Case No. CV 20-5325-GW-JEMx

## 1.   PURPOSES AND LIMITATIONS

A.   Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.   GOOD CAUSE STATEMENT

A.   This action is likely to involve confidential, non-public, sensitive, and/or proprietary trade secrets, business, employment, tax, financial, and personally identifiable information, documents and other materials for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER          3.          Case No. CV 20-5325-GW-JEMx

material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case

## 3.    DEFINITIONS

A.    <u>Action</u>:   This pending federal law suit captioned *Mario Herrera, individually and all others similarly situated vs. T-Mobile USA, Inc.*, case no. CV 20-5325-GW-JEMx

B.    <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

C.    <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

D.    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

E.    <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F.    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G.    <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER          4.          Case No. CV 20-5325-GW-JEMx

1    expert witness or as a consultant in this Action.

2        H.    House Counsel:  Attorneys who are employees of a party to this Action.

3    House Counsel does not include Outside Counsel of Record or any other outside

4    counsel.

5        I.    Non-Party:  Any natural person, partnership, corporation, association, or

6    other legal entity not named as a Party to this action.

7        J.    Outside Counsel of Record:  Attorneys who are not employees of a party

8    to this Action but are retained to represent or advise a party to this Action and have

9    appeared in this Action on behalf of that party or are affiliated with a law firm which

10   has appeared on behalf of that party, and includes support staff.

11       K.    Party:  Any party to this Action, including all of its officers, directors,

12   employees, consultants, retained experts, and Outside Counsel of Record (and their

13   support staffs).

14       L.    Producing Party:  A Party or Non-Party that produces Disclosure or

15   Discovery Material in this Action.

16       M.    Professional Vendors:  Persons or entities that provide litigation support

17   services (e.g., photocopying, videotaping, translating, preparing exhibits or

18   demonstrations, and organizing, storing, or retrieving data in any form or medium) and

19   their employees and subcontractors.

20       N.    Protected Material:  Any Disclosure or Discovery Material that is

21   designated as "CONFIDENTIAL."

22       O.    Receiving Party:  A Party that receives Disclosure or Discovery Material

23   from a Producing Party.

24   **4.    SCOPE**

25       A.    The protections conferred by this Stipulation and Order cover not only

26   Protected Material (as defined above), but also (1) any information copied or extracted

27   from Protected Material; (2) all copies, excerpts, summaries, or compilations of

28   Protected Material; and (3) any testimony, conversations, or presentations by Parties or

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER        5.        Case No. CV 20-5325-GW-JEMx

1    their Counsel that might reveal Protected Material.

2         B.    Any use of Protected Material at trial shall be governed by the orders of

3    the trial judge. This Order does not govern the use of Protected Material at trial.

4    5.    **DURATION**

5         A.    Even after final disposition of this litigation, the confidentiality

6    obligations imposed by this Order shall remain in effect until a Designating Party agrees

7    otherwise in writing or a court order otherwise directs. Final disposition shall be

8    deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or

9    without prejudice; and (2) final judgment herein after the completion and exhaustion of

10   all appeals, rehearings, remands, trials, or reviews of this Action, including the time

11   limits for filing any motions or applications for extension of time pursuant to applicable

12   law.

13   **6.    DESIGNATING PROTECTED MATERIAL**

14        A.    Exercise of Restraint and Care in Designating Material for Protection

15             1.    Each Party or Non-Party that designates information or items for

16   protection under this Order must take care to limit any such designation to specific

17   material that qualifies under the appropriate standards. The Designating Party must

18   designate for protection only those parts of material, documents, items, or oral or written

19   communications that qualify so that other portions of the material, documents, items, or

20   communications for which protection is not warranted are not swept unjustifiably

21   within the ambit of this Order.

22             2.    Mass, indiscriminate, or routinized designations are prohibited.

23   Designations that are shown to be clearly unjustified or that have been made for an

24   improper purpose (e.g., to unnecessarily encumber the case development process or to

25   impose unnecessary expenses and burdens on other parties) may expose the Designating

26   Party to sanctions.

27             3.    If it comes to a Designating Party's attention that information or

28   items that it designated for protection do not qualify for protection, that Designating

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER          6.          Case No. CV 20-5325-GW-JEMx

Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.    Manner and Timing of Designations

1.    Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.    Designation in conformity with this Order requires the following:

a.    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.    A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

B.    Manner and Timing of Designations

1.    Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

material is disclosed or produced.

2.  Designation in conformity with this Order requires the following:

a.  For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.  A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

c.  For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

d.  For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1  protection, the Producing Party, to the extent practicable, shall identify the protected

2  portion(s).

3      C.    Inadvertent Failure to Designate

4      1.    If timely corrected, an inadvertent failure to designate qualified

5  information or items does not, standing alone, waive the Designating Party's right to

6  secure protection under this Order for such material.  Upon timely correction of a

7  designation, the Receiving Party must make reasonable efforts to assure that the

8  material is treated in accordance with the provisions of this Order.

9  **7.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

10      A.    Timing of Challenges

11      1.    Any party or Non-Party may challenge a designation of

12  confidentiality at any time that is consistent with the Court's Scheduling Order.

13      B.    Meet and Confer

14      1.    The Challenging Party shall initiate the dispute resolution process

15  under Local Rule 37-1 et seq.

16      2.    Any challenge submitted to the Court shall be via a joint stipulation

17  pursuant to Local Rule 37-2.

18      C.    The burden of persuasion in any such challenge proceeding shall be on the

19  Designating Party. Frivolous challenges, and those made for an improper purpose (e.g.,

20  to harass or impose unnecessary expenses and burdens on other parties) may expose the

21  Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn

22  the confidentiality designation, all parties shall continue to afford the material in

23  question the level of protection to which it is entitled under the Producing Party's

24  designation until the Court rules on the challenge.

25  **8.  ACCESS TO AND USE OF PROTECTED MATERIAL**

26      A.    Basic Principles

27      1.    A Receiving Party may use Protected Material that is disclosed or

28  produced by another Party or by a Non-Party in connection with this Action only for

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER        9.    Case No. CV 20-5325-GW-JEMx

prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. Disclosure of "CONFIDENTIAL" Information or Items

1. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a. The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d. The Court and its personnel;

e. Court reporters and their staff;

f. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g. The author or recipient of a document containing the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER          10.          Case No. CV 20-5325-GW-JEMx

1   information or a custodian or other person who otherwise possessed or knew the
2   information;

3           h.     During their depositions, witnesses, and attorneys for
4   witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the
5   deposing party requests that the witness sign the "Acknowledgment and Agreement to
6   Be Bound;" and (ii) they will not be permitted to keep any confidential information
7   unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise
8   agreed by the Designating Party or ordered by the Court.  Pages of transcribed
9   deposition testimony or exhibits to depositions that reveal Protected Material shall be
10  separately bound by the court reporter and may not be disclosed to anyone except as
11  permitted under this Stipulated Protective Order; and

12          i.     Any mediator or settlement officer, and their supporting
13  personnel, mutually agreed upon by any of the parties engaged in settlement
14  discussions.

## 9. PROTECTED MATERIAL SUPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

17      A.    If a Party is served with a subpoena or a court order issued in other
18  litigation that compels disclosure of any information or items designated in this Action
19  as "CONFIDENTIAL," that Party must:

20      1.    Promptly notify in writing the Designating Party.  Such notification
21  shall include a copy of the subpoena or court order;

22      2.    Promptly notify in writing the party who caused the subpoena or
23  order to issue in the other litigation that some or all of the material covered by the
24  subpoena or order is subject to this Protective Order.  Such notification shall include a
25  copy of this Stipulated Protective Order; and

26      3.    Cooperate with respect to all reasonable procedures sought to be
27  pursued by the Designating Party whose Protected Material may be affected.

28      B.    If the Designating Party timely seeks a protective order, the Party served

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER         11.    Case No. CV 20-5325-GW-JEMx

with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

A.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     Make the information requested available for inspection by the Non-Party, if requested.

C.     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1  produce the Non-Party's confidential information responsive to the discovery request.
2  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce
3  any information in its possession or control that is subject to the confidentiality
4  agreement with the Non-Party before a determination by the court. Absent a court order
5  to the contrary, the Non-Party shall bear the burden and expense of seeking protection
6  in this court of its Protected Material.

7  **11.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

8       A.    If a Receiving Party learns that, by inadvertence or otherwise, it has
9  disclosed Protected Material to any person or in any circumstance not authorized under
10  this Stipulated Protective Order, the Receiving Party must immediately (1) notify in
11  writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to
12  retrieve all unauthorized copies of the Protected Material, (3) inform the person or
13  persons to whom unauthorized disclosures were made of all the terms of this Order, and
14  (4) request such person or persons to execute the "Acknowledgment and Agreement to
15  be Bound" that is attached hereto as Exhibit A.

16  **12.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
17  **PROTECTED MATERIAL**

18       A.    When a Producing Party gives notice to Receiving Parties that certain
19  inadvertently produced material is subject to a claim of privilege or other protection,
20  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
21  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure
22  may be established in an e-discovery order that provides for production without prior
23  privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
24  parties reach an agreement on the effect of disclosure of a communication or
25  information covered by the attorney-client privilege or work product protection, the
26  parties may incorporate their agreement in the Stipulated Protective Order submitted to
27  the Court.

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER          13.        Case No. CV 20-5325-GW-JEMx

B.     Pursuant to Federal Rule of Evidence 502(d) and (e), in order to comply with applicable discovery deadlines, a Party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulated Protective Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

(a)     Was not inadvertent by the Producing Party;

(b)     That the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

(c)     That the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

(d)     That such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

C.     Pursuant to FRE 502(d) and (e), the Parties stipulate to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a)     The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

(b)     The inadvertent disclosure or production of any Document this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)     If, during the course of this litigation, a Party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER          14.          Case No. CV 20-5325-GW-JEMx

1          (1)    The Receiving Party shall: (A) refrain from reading the Protected

2    Document any more closely than is necessary to ascertain that it is privileged or

3    otherwise protected from disclosure; (B) immediately notify the Producing Party in

4    writing that it has discovered Documents believed to be privileged or protected,

5    identified by Bates number or hash value; and, (C) within ten (10) days of discovery by

6    the Receiving Party, return, sequester, or destroy all copies of such Protected

7    Documents, along with any notes, abstracts or compilations of the content thereof,

8    including any copies that have been loaded into a litigation review database. If Protected

9    Documents cannot be destroyed or separated, the Producing Party should be notified

10    immediately. Notwithstanding the above, the Receiving Party is under no obligation to

11    search or review the Producing Party's Documents to identify potentially privileged or

12    work product Protected Documents.

13          (2)    If the Producing Party intends to assert a claim of privilege or other

14    protection over Documents identified by the Receiving Party as Protected Documents,

15    the Producing Party will, within ten (10) days of receiving the Receiving Party's written

16    notification described above, inform the Receiving Party of such intention in writing

17    and shall provide the Receiving Party with a log for such Protected Documents that is

18    consistent with the requirements of the Federal Rules of Civil Procedure.. In the event

19    that any portion of a Protected Document does not contain privileged or protected

20    information, the Producing Party shall also provide to the Receiving Party a redacted

21    copy of the document that omits the information that the Producing Party believes is

22    subject to a claim of privilege or other protection.

23         (d)   If, during the course of this litigation, a party determines it has produced

24    a Protected Document:

25          (1)    The Producing Party may notify the Receiving Party of such

26    inadvertent production in writing, and demand the return of such documents. Such

27    notice may be delivered orally on the record at a deposition, promptly followed up in

28    writing. The Producing Party's written notice will identify the Protected Document by

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER        15.    Case No. CV 20-5325-GW-JEMx

Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(2)   The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof, including any copies that have been loaded into a litigation review database.

(e)   To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f)   The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

(1)   The disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(2)   The disclosure of the Protected Documents was not inadvertent;

(3)   The Producing Party did not take reasonable steps to prevent the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

STIPULATED PROTECTIVE ORDER          16.          Case No. CV 20-5325-GW-JEMx

1  disclosure of the Protected Documents; or

2       (4)   The Producing Party failed to take reasonable or timely steps to

3  rectify the error pursuant to <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>, or otherwise.

4       (g)  Either party may submit Protected Documents to the Court under seal for

5  a determination of the claim of privilege or other protection.  The Producing Party shall

6  preserve the Protected Documents until such claim is resolved.  The Receiving Party

7  may not use the Protected Documents for any purpose absent this Court's Order.

8       (h)  Upon a determination by the Court that the Protected Documents are

9  protected by the applicable privilege or evidentiary protection, the Protected Documents

10  shall be returned or destroyed within 10 (ten) days of the Court's order.  The Court may

11  also order the identification by the Receiving Party of Protected Documents by search

12  terms or other means.

13       (i)   Nothing contained herein is intended to, or shall serve to limit a party's

14  right to conduct a review of documents, data (including electronically stored

15  information) and other information, including without limitation, metadata, for

16  relevance, responsiveness and/or the segregation of privileged and/or protected

17  information before such information is produced to another party.

18       (j)  By operation of the parties' agreement and Court Order, the parties are

19  specifically afforded the protections of FRE 502 (d) and (e).

20     D    Because the purpose of Section 12 is to protect and preserve privileged

21  Documents, the parties agree they are bound as follows from and after the date their

22  counsel have signed it, even if such execution occurs prior to court approval.

23  **13.**    **MISCELLANEOUS**

24     A.    Right to Further Relief

25       1.    Nothing in this Order abridges the right of any person to seek its

26  modification by the Court in the future.

27     B.    Right to Assert Other Objections

28       1.    By stipulating to the entry of this Protective Order, no Party waives

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER       17.     Case No. CV 20-5325-GW-JEMx

1  any right it otherwise would have to object to disclosing or producing any information

2  or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

3  Party waives any right to object on any ground to use in evidence of any of the material

4  covered by this Protective Order.

5       C.    Filing Protected Material

6       1.    A Party that seeks to file under seal any Protected Material must comply

7  with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant

8  to a court order authorizing the sealing of the specific Protected Material at issue.  If a

9  Party's request to file Protected Material under seal is denied by the Court, then the

10  Receiving Party may file the information in the public record unless otherwise

11  instructed by the Court.

12  14.   **INFORMATION SECURITY PROTECTIONS**

13       14.1  Any person in possession of another Party's Protected Material shall

14  maintain a written information security program that includes reasonable

15  administrative, technical, and physical safeguards designed to protect the security and

16  confidentiality of such Protected Material, protect against any reasonably anticipated

17  threats or hazards to the security of such Protected Material, and protect against

18  unauthorized access to or use of such Protected Material.  To the extent a person or

19  Party does not have an information security program they may comply with this

20  provision by having the Protected Material managed by and/or stored with eDiscovery

21  vendors or claims administrators that maintain such an information security program.

22       14.2  If the Receiving Party discovers a breach of security, including any actual

23  or suspected unauthorized access, relating to another Party's Protected Material, the

24  Receiving Party shall: (1) promptly provide written notice to Designating Party of such

25  breach; (2) investigate and take reasonable efforts to remediate the effects of the breach,

26  and provide Designating Party with assurances reasonably satisfactory to Designating

27  Party that such breach shall not recur; and (3) provide sufficient information about the

28  breach that the Designating Party can reasonably ascertain the size and scope of the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER     18.     Case No. CV 20-5325-GW-JEMx

breach.  If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means.  The Receiving Party agrees to cooperate with the Designating Party or law enforcement

in investigating any such security incident.  In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

**15.    FINAL DISPOSITION**

A.      After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.      Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER                19.           Case No. CV 20-5325-GW-JEMx

1   sanctions.

2   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

3

4   Dated:_____11/17/2020_____          /s/ Christina M. Lucio_____

5                                            Attorney(s) for Plaintiff(s)

6

7   Dated:_____11/17/2020_____          /s/ Alison S. Hightower_____

8                                            Attorney(s) for Defendant(s)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER                 20.        Case No. CV 20-5325-GW-JEMx

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issue by the

United States District Court for the Central District of California on [DATE] in the case

of _____ [insert formal name of the case and the number and

initials assigned to it by the Court]. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action. I hereby appoint _____ [print or type full name] of ____

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER                    21.          Case No. CV 20-5325-GW-JEMx

related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1

**Signature Attestation**

2

3 I, Christina M. Lucio, Esq., hereby attest that all other signatories listed, and on whose

4 behalf the filing is submitted, concur in the filing's content and have authorized the

5 filing.

6

7 By: /s/ Christina M. Lucio

8 Christina M. Lucio, Esq.

9

10 **Certificate of Service**

11 The attached was served on all parties and their counsel, through the ECF

12 system, on November 17, 2020.

13

14

15 By: /s/ Christina M. Lucio

16 Christina M. Lucio, Esq.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER          23.          Case No. CV 20-5325-GW-JEMx